UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Minta Burrowes<br><br>Plaintiff,<br><br>V.<br><br>Fair Collections & Outsourcing inc<br><br>Defendant. | Case No.<br><br><br>JURY TRIAL DEMANDED. |

## INTRODUCTION

1. This is an action for damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

2. Defendant Fair Collections & Outsourcing, Inc. (FCO) furnished inaccurate and misleading credit information by reporting an alleged debt in Plaintiff's name in a manner that misrepresented the status and ownership of the account.

3. Defendant's conduct caused Plaintiff to suffer depression, anxiety, loss of sleep, inability to focus at work, and denial of credit opportunities.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391 because Defendant conducts business in this District and a substantial part of the events giving rise to this action occurred here.

1

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

## **PARTIES**

6. Plaintiff is a natural person and a consumer as defined in 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

7. Defendant FCO is a Maryland corporation engaged in the business of collecting debts owed or alleged to be owed to others. FCO is a debt collector under 15 U.S.C. § 1692a(6) and a furnisher of credit information under 15 U.S.C. § 1681s-2.

## **FACTS**

8. FCO furnished information to Experian, causing Plaintiff's Experian credit report to show "Highpoint Apartments" as a collection account. This was inaccurate because Highpoint is the creditor, not a debt collector.

9. FCO also furnished information to TransUnion, causing Plaintiff's TransUnion credit report to show "Fair Collections & Outsourcing" as a collection account, and listing Highpoint Apartments as the original creditor.

10. By furnishing conflicting and misleading information across different consumer reporting agencies, FCO created confusion about the ownership, status, and accuracy of the alleged debt.

11. Plaintiff disputed this reporting with the Consumer Financial Protection Bureau (CFPB).

12. In response, FCO admitted that Highpoint Apartments retains ownership of the account and that FCO is only a third-party collector.

13. Despite this admission, FCO has continued furnishing information to Experian in a manner that misrepresents Highpoint as a debt collector, while also furnishing information to

2

TransUnion under its own name, resulting in inconsistent and damaging reporting of the same alleged debt.

14. FCO claimed it provided verification, but Plaintiff never received such documents.

15. Plaintiff requested account-level documents, billing statements, payment history, and FCO's compliance procedures. FCO refused to provide this information.

16. Plaintiff has suffered depression, anxiety, sleeplessness, loss of concentration at work, and denial of credit opportunities because of Defendant's conduct.

## **CLAIMS FOR RELIEF**

### Count I – FDCPA Violations (15 U.S.C. § 1692e, § 1692f)

17. FCO used false, deceptive, and misleading representations by furnishing information that misclassified the original creditor and by misrepresenting the legal status of the alleged debt.

18. FCO failed to provide meaningful validation of the alleged debt, while continuing to furnish derogatory credit information, in violation of 15 U.S.C. § 1692g(b).

### Count II – FCRA Violations (15 U.S.C. § 1681s-2(b))

19. FCO failed to conduct a reasonable investigation after being notified of Plaintiff's disputes by the credit reporting agencies.

20. FCO continued furnishing inaccurate and incomplete information to Experian and TransUnion, violating 15 U.S.C. § 1681s-2(b)(1)(A)–(D).

## DAMAGES

21. Plaintiff has suffered actual damages including depression, anxiety, emotional distress, sleeplessness, inability to focus at work, denial of credit, and harm to creditworthiness.

22. Plaintiff seeks actual damages, statutory damages under the FDCPA and FCRA, punitive damages for willful violations of the FCRA, attorney's fees and costs, and such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as set forth above.

Respectfully submitted,

Minta Burrowes

353 Blue Ledge Drive

Roslindale, MA 02131

Mburrowes24@gmail.com

Exhibit A – Plaintiff's Experian Credit Report (relevant pages)

Shows "Highpoint Apartments" reported as a collection account. No original creditor identified. Furnished by Defendant Fair Collections & Outsourcing.

Exhibit B – Plaintiff's Trans Union Credit Report (relevant pages)

Shows "Fair Collections & Outsourcing" reported as a collection account. Lists "Highpoint Apartments" as the original creditor. Confirms FCO is actively furnishing information to Trans Union.

Exhibit C – CFPB Complaint filed by Plaintiff

Plaintiff's written complaint demanding that FCO provide verification and compliance procedures under the FCRA. Notes Plaintiff has not received proper validation.

Fair Collections & Outsourcing Response to CFPB

Admits the account was placed with FCO by Berkshire Communities/Highpoint Apartments. Admits Highpoint retains ownership. States FCO provided limited documents but refused to provide full records. Confirms FCO is acting as a third-party collector while furnishing data to the credit reporting agencies.

Exhibit D - CFPB Complaint filed by Plaintiff, FCO came back and verified inaccurate information accurate